The Chief Justice
delivered the opinion of the court.*
This was an ejectment, on the trial of which the plaintiff gave in evidence a patent from the commonwealth to Uriel Mallory, bearing date the first day of May, 1792, for *27 600 acres of land, a deed from Mallory to Lewis Craig, for the same, bearing date the 1st of May, 1797, a deed from him for the same land, to John Craig, Whitfield Craig and Thomas Tureman, bearing date the 21st of July, 1810, and a deed for the same, from them, to the lessors of the plaintiff, bearing date the 3d of October, 1815, and it was also proved that Lewis Craig and those claiming several parcels of land under him, had been in the actual and continual possession for upwards of twenty years before the institution of this suit.
For twenty years possession to toll the right of entry of an elder patentee, the entry of the junior patentee must be in a part in the name of the whole claim, or of the land in contest.—An entry of a junior patentee, of a distinct parcel, outside of the contest, will not toll the right of entry of the elder patentee, in another distinct parcel.
The defendants then proved that William White, claiming under a bond for a conveyance from Lewis Craig, for sixty acres, part of the said 600 acres, took possession thereof, and having been in possession for some time, obtained a deed therefor, from said Craig, bearing date the 20th of January, 1812, and that said White died in 1814, having had more than five years’ possession, and leaving the defendants his heirs at law. The defendants also produced in evidence a grant from the commonwealth to Jas. Stewart and Charles Morgan, which is of elder date than the patent to Mallary, and is admitted to cover the land in controversy.
The court thereupon, at the instance of the defendant, instructed the jury—1st, That the grant to Stewart and Morgan was such a subsisting title out of the lessor of the plaintiff, as to defeat the action; and, 2dly, That the descent cast upon the defendants tolled the lessor’s right of entry. To the giving these instructions the plaintiff excepted, and a verdict and judgment having been given against him, he has appealed to this court.
That the circuit court correctly decided the first point upon which the jury were instructed, we have but little doubt. The grant to Stewart and Morgan being elder than that under which the lessor of the plaintiff derives title, they must have the right of entry, unless it be tolled by the lapse of time or other circumstances, and there cannot be, at the same time, two adverse rights of entry into the same land. That their right of entry had been tolled, does not appear. It is true, that it was proven that Craig and those claiming under him, were in possession, for more than twenty years, of different parcels of the 600 acres described by Mallary’s grant, but it does not appear that they or either of them were in possession of the parcel in contest in this case for that length of time, and it certainly does *28 not follow as a necessary consequence, that the possession of several parcels was the possession of the whole tract: for, to make the possession of a part extend to the whole, it should have been taken in the name of the whole, and there should have been no adverse possession at the time of making the entry, neither of which circumstances appear in this case. But it is contended that, as White acquired the possession under Craig, he or his representatives cannot he permitted to dispute Craig’s title, or to shew a right of entry in another.
A purchaser holding by a conveyance may controvert his grantor’s title, on the receipt of the deed the purchaser holds adversely to the grantor, and to all the world.
Bibb for appellant, Hardin for defendant.
How far this doctrine might have applied to White’s situation, as long as he held by bond under Craig, and looked to him for the consummation of his right, need not, in this case, be determined; for, be that is it may, when he obtained a deed from Craig, he may, with propriety, be said to hold adversely to him, as well as to the rest of the world, and, of course, had the same right to controvert the title of Craig as that of any other person.
If, then, as we suppose, the circuit court correctly instructed the jury upon the first point, an examination of the second point upon which the jury were instructed, seems to be unnecessary. For, as the first point is conclusive against the plaintiff’s right of recovery, the second point was wholly immaterial, and any error in the instruction of the court, in relation to it, could not operate to the prejudice of the plaintiff.
Judgment affirmed with costs.

Absent, Judge Rowan.